**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

KEENAN HOPKINS SCHMIDT AND
STOWELL CONTRACTORS, INC.,
a Florida Corporation,

                Plaintiff,

vs.                                          Case No. 2:07-cv-383-FtM-34DNF

CONTINENTAL CASUALTY COMPANY
and MCDEVITT STREET BOVIS, INC.,
n/k/a BOVIS LEND LEASE, INC.,
a Florida Corporation,

                Defendants.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction or Alternatively, Abstain from Asserting Jurisdiction, and Supporting Memorandum of Law (Dkt. No. 16; Motion), which was filed on July 12, 2007. Defendant Continental Casualty Company has filed a response in opposition to the Motion. See Defendant, Continental Casualty Company's, Memorandum of Law in Opposition to Plaintiff's Motion to Remand (Dkt. No. 23; Response), filed on July 26, 2007. Accordingly, the Motion is ripe for review by this Court.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

### I.     **Procedural history**

On or about May 10, 2007, Plaintiff Keenan Hopkins Schmidt and Stowell Contractors, Inc. ("Keenan"), a Florida corporation, filed this action for declaratory relief and damages in the Twentieth Judicial Circuit, in and for Lee County, Florida, against Continental Casualty Company ("Continental Casualty"), a foreign corporation with its principal place of business in Illinois, and McDevitt Street Bovis, Inc. n/k/a Bovis Lend Lease, Inc. ("Bovis"), a Florida corporation. See Defendant Continental Casualty Company's Notice of Removal (Dkt. No. 1; Notice of Removal) at 1-2; Complaint for Declaratory Relief (Dkt. No. 2; Complaint) at 1-2. According to the allegations in the Complaint, Bovis was the primary general contractor for the construction of the Disney Boardwalk Project ("Project"), in Orange County, Florida, and Keenan was a Bovis subcontractor on the Project. See Complaint at 2, Exh. B, Part 1 at 3. The owner of the Project, Disney Vacation Development, Inc., initiated an action against Bovis, in the Ninth Judicial Circuit, in and for Orange County, Florida, for damages resulting from various alleged construction defects. See id. at 2, Exh. A at 2-3, 7-11. In response to this filing, Bovis filed a third party action against Keenan, asserting that Keenan performed some of the work that Disney Vacation Development, Inc. claimed to be defective. See id. at Exh. B. In the instant action, Keenan asks the Court to enter a declaration that, under the terms of a general liability insurance policy Continental Casualty issued to Keenan, Continental Casualty must defend and indemnify Keenan from the pending action and pay its pro-rata share of any and all defense costs that have already been paid by other insurers. See id. at 5. Keenan also seeks a declaration that it is entitled to a judgment against Continental Casualty for all of the fees

and costs it incurred in defending, handling, and settling the claims for which Continental Casualty has refused to provide a defense and/or indemnification. See id. In addition, Keenan asks the Court to enter a judgment that it is entitled to damages, including pre and post judgment interest, attorney's fees, and legal assistant fees. See id. at 6.

On June 13, 2007, Continental Casualty removed the action to this Court based on diversity of citizenship. See Notice of Removal at 2. In support of removal, Continental Casualty asserted that Bovis was fraudulently joined because the Complaint failed to allege any facts regarding any interest Bovis may have in the declaration. See id. at 2-3. Thus, Continental Casualty argued that Bovis' citizenship should be disregarded for purposes of determining jurisdiction. See id. at 3.

**II.    Summary of Argument**

In the Motion, Keenan argues that the Court should remand the instant action to state court because complete diversity of citizenship is lacking between the parties. See Motion at 3-15. Alternatively, Keenan asks the Court to abstain from accepting jurisdiction over the instant action given the uncertainty in Florida law regarding insurance coverage for construction defects. See id. at 15-20.

**A.    Remand**

As noted above, Keenan asks the Court to remand the instant action to state court for lack of diversity. See Motion at 3-15. Keenan argues that this Court lacks diversity jurisdiction over the instant action because Keenan and Bovis are citizens of Florida and

Bovis is a citizen of the state in which the action is brought. See id. at 1-2.[2] Continental Casualty responds that Bovis was fraudulently joined to defeat diversity. See Response at 2-8.

After filing the instant Motion, on November 9, 2007, Keenan and Bovis filed a Joint Stipulation for Dismissal with Prejudice (Dkt. No. 28; Stipulation). In the Stipulation, Keenan and Bovis agree to the dismissal of Keenan's claims against Bovis with prejudice. See id. On November 16, 2007, the Court entered an Order (Dkt. No. 29) dismissing Bovis from the instant case with prejudice. Thus, to the extent that Keenan asks this Court to remand the instant action to state court because the instant action lacks complete diversity due to the inclusion of Bovis as a defendant, the Court finds that the Motion is due to be **denied as moot**.[3]

### B.     Abstention

As noted above, Keenan also asks this Court to abstain from exercising jurisdiction over the instant action given the uncertainty in Florida law regarding coverage for construction defects. See Motion at 15-20. Keenan represents that "[t]he determinations in this case about coverage will in large part be determined by the [Florida] Supreme Court's

---

[2] In the Motion, Keenan states that "Plaintiff and two Defendants are Florida citizens." See Motion at 4. This statement appears to have been made in error. Notably, in the Complaint, Keenan clearly states that Continental Casualty is a foreign corporation. See Complaint at 2.

[3] Bovis has filed a motion to dismiss. See Defendant McDevitt Street Bovis, Inc., n/k/a Bovis Lend Lease, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief and Damages and Incorporated Memorandum of Law (Dkt. No. 15; Motion to Dismiss), filed on July 6, 2007. In addition, Keenan has filed a Motion for Sanctions and Attorney's Fees for Improper Removal of this Matter from State Court (Dkt. No. 18; Motion for Attorney's Fees). In the Motion for Attorney's Fees, Keenan asks the Court to award it the costs and attorney's fees it incurred in seeking a remand of this matter to state court. See Motion for Attorney's Fees at 3. In the Stipulation, Keenan and Bovis represent that they will bear their own fees. See Stipulation at 1. In light of the Stipulation, the Court finds that the Motion to Dismiss and Motion for Attorney's Fees are also due to be denied as moot.

ruling in J.S.U.B., Inc. v. United States Fire Ins. Co., 906 So.2d 303 (Fla. 2d DCA 2005), review pending, United States Fire Ins. Co. v. J.S.U.B., Florida Supreme Court Case No. SC05-1295." See Motion at 15.[4]

The Florida Supreme Court issued its decision in J.S.U.B. on December 20, 2007. See U.S. Fire Ins. Co. v. J.S.U.B., No. SC05-1295, 2007 WL 4440232, at *16 (Fla. Dec. 20, 2007), holding that "a post-1986 standard form commercial general liability policy with products completed-operations hazard coverage, issued to a general contractor, provides coverage for a claim made against [a] contractor for damage to [a] completed project caused by a subcontractor's defective work provided that there is no specific exclusion that otherwise excludes coverage." In light of the foregoing, Keenan's request that the Court abstain from the instant action given the uncertainty in Florida law regarding coverage for construction defects pending the Florida Supreme Court's ruling in J.S.U.B. is due to be **denied as moot**.[5][6]

---

[4] In J.S.U.B., the Second District Court of Appeal found that the commercial general liability policy at issue provided coverage for damages to homes caused by a subcontractor's defective construction. While the court acknowledged the Florida Supreme Court had held, in LaMarche v. Shelby Mutual Insurance Co., 390 So.2d 325 (Fla. 1980), that commercial general liability policies exclude coverage for the cost of replacing or repairing defective work, it noted that the policy in J.S.U.B. contained broad insuring language covering property damage caused by an "occurrence" and the exclusions to coverage were significantly different than the exclusions addressed in LaMarche. See J.S.U.B., 906 So.2d at 308-310. The Florida Supreme Court consolidated J.S.U.B. with Pozzi Window Co. v. Auto Owners Insurance, 446 F.3d 1178 (11th Cir. 2006) and heard oral argument on March 5, 2007. In Pozzi, the Eleventh Circuit acknowledged the split in Florida's district courts of appeal as to whether commercial general liability policies provide coverage for the repair and replacement of defective construction and issued the following certified question to the Supreme Court of Florida: "Does a standard form comprehensive general liability policy with product completed operations hazard coverage, such as the policies described here, issued to a general contractor, cover the general contractor's liability to a third party for the costs of repair or replacement of defective work by its subcontractor?" Id. at 1188.

[5] To the extent that Keenan asks this Court to abstain from the instant action because the Florida Supreme Court has never addressed which trigger theory of coverage applies in Florida, see Motion at 16-17, the Court finds that the Motion is due to be **denied**. Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), the abstention doctrine Keenan relies upon, does not provide the Court with discretion to refrain from exercising jurisdiction over the instant case on this ground because Brillhart applies to parallel proceedings.

### IV. Conclusion

1. Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction or Alternatively, Abstain from Asserting Jurisdiction, and Supporting Memorandum of Law (Dkt. No. 16) is **DENIED AS MOOT**.

2. Defendant McDevitt Street Bovis, Inc., n/k/a Bovis Lend Lease, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief and Damages and Incorporated Memorandum of Law (Dkt. No. 15) is **DENIED AS MOOT**.

3. Plaintiff's Motion for Sanctions and Attorney's Fees for Improper Removal of this Matter from State Court (Dkt. No. 18) is **DENIED AS MOOT**.

4. Plaintiff's Motion to Extend Time for Conducting Case Management Conference (Dkt. No. 27) is **DENIED**.

5. The parties shall conduct a case management conference and file a case management report in accordance with the requirements of Local Rule 3.05, United States District Court, Middle District of Florida (Local Rule(s)), no later than **January 31, 2008.**

---

See id. at 495. Moreover, the Court declines to exercise any discretionary authority it may have to abstain on the basis urged by Keenan. Notably, to the extent that this is an unresolved area of law, this Court is in no worse position than a state court in having to address this issue.

[6] On September 10, 2007, Keenan filed a Motion to Extend Time for Conducting Case Management Conference (Dkt. No. 27; Motion for Extension of Time). In the Motion for Extension of Time, Keenan asks the Court to grant the parties an extension of time to meet, prepare, and file a Case Management Report until 45 days after the Court issues its ruling on the instant Motion. See Motion for Extension of Time at 2-3. Upon due consideration, the Court finds that the Motion for Extension of Time is due to be **denied**.

6. On or before **January 31, 2008**, the parties shall file a notice advising the Court of the impact the Florida Supreme Court's decision in U.S. Fire Ins. Co. v. J.S.U.B., No. SC05-1295, 2007 WL 4440232 (Fla. Dec. 20, 2007) has on the instant case.

**DONE AND ORDERED** in Chambers, this 21st day of December, 2007.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:
Counsel of Record