**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

KEENAN HOPKINS SCHMIDT AND
STOWELL CONTRACTORS, INC.,
a Florida Corporation,

                       Plaintiff,

vs.                                     Case No.  2:07-cv-383-FtM-34DNF

CONTINENTAL CASUALTY COMPANY
and MCDEVITT STREET BOVIS, INC.,
n/k/a BOVIS LEND LEASE, INC.,
a Florida Corporation,

                       Defendants.
_____/

## O R D E R[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Rehearing or Reconsideration of Court's Order Dated December 21, 2007 and Incorporated Memorandum of Law (Dkt. No. 31; Motion), filed on December 31, 2007.[2] In the Motion, Plaintiff asks the Court to rehear or reconsider its December 21, 2007 Order (Dkt. No. 30; Order) which denied as moot Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction or Alternatively, Abstain from Asserting Jurisdiction, and Supporting Memorandum of Law (Dkt. No. 16; Motion to Remand) and Plaintiff's Motion for Sanctions and Attorney's Fees for

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motion addressed herein and is not intended for official publication or to serve as precedent.

[2] The Court recognizes that it is ruling on the Motion without waiting for the opposition period to run. See Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)). However, as the Motion is due to be denied, the Court will rule on it at this time.

Improper Removal of this Matter from State Court (Dkt. No. 18; Motion for Attorney's Fees).[3] Plaintiff argues that the issue of whether the instant action should be remanded to state court was not mooted by its dismissal of McDevitt Street Bovis, Inc. n/k/a Bovis Lend Lease, Inc. ("Bovis") from the instant action. See Motion at 3-4.[4] Plaintiff contends that, because the Court is obligated to look at the face of the pleadings at the time of removal in determining whether it has jurisdiction over an action, the fact that Bovis was dismissed from the action "is of no relevance in assessing the propriety of removal in the first instance." See id. at 3-4.

---

[3] In the Order, the Court also denied Defendant McDevitt Street Bovis, Inc. n/k/a Bovis Lend Lease, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Relief and Damages and Incorporated Memorandum of Law (Dkt. No. 15) as moot.

[4] On or about May 10, 2007, Plaintiff, a Florida corporation, filed this action for declaratory relief and damages in the Twentieth Judicial Circuit, in and for Lee County, Florida, against Continental Casualty Company ("Continental Casualty"), a foreign corporation with its principal place of business in Illinois, and Bovis, a Florida corporation. See Defendant Continental Casualty Company's Notice of Removal (Dkt. No. 1; Notice of Removal) at 1-2; Complaint for Declaratory Relief (Dkt. No. 2; Complaint) at 1-2. Continental Casualty removed the action to this Court based on diversity of citizenship on June 13, 2007. See Notice of Removal at 2. In support of removal, Continental Casualty asserted that Bovis was fraudulently joined because the Complaint failed to allege any facts regarding any interest Bovis may have in the declaration. See id. at 2-3. In the Motion to Remand, Plaintiff represented that Florida law requires a third party claimant, such as Bovis, to be named as a party in a declaratory action between an insurer and an insured in order to be bound by a declaratory judgment. See Motion to Remand at 6, 14-15.

Upon review, the Court finds that the Motion is due to be **DENIED**.[5]  Accordingly, it is **ORDERED**:

Plaintiff's Motion for Rehearing or Reconsideration of Court's Order Dated December 21, 2007 and Incorporated Memorandum of Law (Dkt. No. 31) is **DENIED**.

**DONE AND ORDERED** in Chambers, this 9th day of January, 2008.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

Counsel of Record

---

[5] Pursuant to 28 U.S.C. § 1446(b), a defendant may remove a case which is not initially removable within 30 days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).  As noted above, Plaintiff filed the instant action in the Twentieth Judicial Circuit, in and for Lee County, Florida, on May 10, 2007.  Plaintiff and Bovis filed their Joint Stipulation for Dismissal With Prejudice (Dkt. No. 28) on November 9, 2007, and the Court entered an Order (Dkt. No. 29) dismissing Bovis from the instant action on November 16, 2007.  Thus, if the instant action had never been removed from state court, Continental Casualty could have removed the case to this Court based on the diversity jurisdiction that was created as a result of Plaintiff's voluntary act of dismissing Bovis from the instant action.  See Weems v. Louis Dreyfus Corp., 380 F.2d 545, 549 (5th Cir. 1967) (holding that the 1949 amendment to § 1446(b) preserved the voluntary-involuntary rule under which a case may only become removable as a result of a voluntary act by a plaintiff); Insinga v. LaBella, 845 F.2d 249, 252 (11th Cir. 1988) (recognizing that "section 1446(b), as amended in 1949, has been widely interpreted as preserving the voluntary-involuntary rule").

Moreover, the Court disagrees with Plaintiff's assertion that Continental Casualty's argument that Bovis was fraudulently joined "fl[ies] completely in the face of the authorities cited to this Court in the Motion to Remand." Motion at 5. Indeed, the Court was prepared to rule in an Order on the Motion to Remand that it found Plaintiff's reliance on Independent Fire Insurance Company v. Paulekas, 633 So.2d 1111 (Fla. 3d DCA 1994) and Bethel v. Security National Insurance Company, 949 So.2d 219 (Fla. 3d DCA 2006) to be misplaced.